IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:16-CV-70-D

| | |
|---|---|
| DR. TATIANA A. TAGIROVA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| ELIZABETH CITY STATE UNIVERSITY, | ) |
| | ) |
| Defendants. | ) |

On September 2, 2016, Dr. Tatiana Tagirova ("Tagirova" or "plaintiff") filed a pro se complaint against Elizabeth City State University ("ECSU" or "defendant"), alleging discrimination and retaliation under the Americans with Disabilities Act ("ADA"). See Compl. [D.E. 1, 1-1]. On November 14, 2016, ECSU moved to dismiss Tagirova's complaint [D.E. 12]. See Fed. R. Civ. P. 12(b)(1)–(2), (6). On December 1, 2016, Tagirova responded in opposition [D.E. 15]. On December 16, 2016, ECSU replied [D.E. 16]. On April 27, 2017, Tagirova moved for leave to amend her complaint to add two new parties as defendants [D.E. 35]. As explained below, the court grants ECSU's motion to dismiss in part, denies it in part, and denies Tagirova's motion for leave to amend.

I.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) tests subject-matter jurisdiction, which is "the court's statutory or constitutional power to adjudicate the case." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998) (emphasis omitted); see Holloway v. Pagan River Dockside Seafood, Inc., 669 F.3d 448, 453 (4th Cir. 2012). "[T]he party invoking federal jurisdiction bears the burden of establishing its existence." Steel Co., 523 U.S. at 104; see, e.g.,

Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). In considering a motion to dismiss for lack of subject-matter jurisdiction, the court may consider evidence outside the pleadings without converting the motion into one for summary judgment. See, e.g., Richmond, Fredericksburg & Potomac R.R. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). However, if a defendant "contend[s] that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based," then "all the facts alleged in the complaint are assumed to be true and the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982); see Kerns v. United States, 585 F.3d 187, 192–93 (4th Cir. 2009). Thus, "when a defendant asserts that the complaint fails to allege sufficient facts to support subject matter jurisdiction," a court must "assume the truthfulness of the facts alleged" in the complaint and any attached materials. Kerns, 585 F.3d at 193; see Fed. R. Civ. P. 10(c).

A district court has jurisdiction to consider an employee's ADA claims only to the extent the employee included those claims in a timely EEOC charge. See, e.g., Sydnor v. Fairfax Cty., 681 F.3d 591, 593–94 (4th Cir. 2012); Jones v. Calvert Grp., Ltd., 551 F.3d 297, 300 (4th Cir. 2009); Webb v. N.C. Dep't of Crime Control & Pub. Safety, Alcohol Law Enf't Div., 658 F. Supp. 2d 700, 707–09 (E.D.N.C. 2009). "Even after a plaintiff has exhausted his administrative remedies, the administrative framework plays a substantial role in focusing the formal litigation it precedes." Chacko v. Patuxent Inst., 429 F.3d 505, 509 (4th Cir. 2005). The EEOC charge's content determines the scope of a plaintiff's right to maintain an ADA claim in court. See id.; Hentosh v. Old Dominion Univ., 767 F.3d 413, 416 (4th Cir. 2014); Webb, 658 F. Supp. 2d at 707–08. This court lacks jurisdiction over ADA claims that exceed the scope of the EEOC charge. See, e.g., Balas v. Huntington Ingalls Indus., Inc., 711 F.3d 401, 407–09 (4th Cir. 2013); Jones, 551 F.3d at 300;

2

Chacko, 429 F.3d at 509–10.

"Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent [ADA] lawsuit." Jones, 551 F.3d at 300 (quotation omitted); see Sydnor, 681 F.3d at 594; Chacko, 429 F.3d at 509–10. "Thus, factual allegations made in formal litigation must correspond to those set forth in the administrative charge." Bonds v. Leavitt, 629 F.3d 369, 379 (4th Cir. 2011) (quotation omitted). For example, "a claim in formal litigation will generally be barred if the EEOC charge alleges discrimination on one basis, such as race, and the formal litigation claim alleges discrimination on a separate basis, such as sex." Jones, 551 F.3d at 300; see Chacko, 429 F.3d at 509–10. Nonetheless, because laypersons often initiate the EEOC administrative process, courts construe EEOC charges liberally. See Sydnor, 681 F.3d at 594; Chacko, 429 F.3d at 509.

Tagirova filed three EEOC charges between November 2014 and July 2016. See [D.E. 1-1, 1-2, 1-3]. These EEOC charges encompass the following ADA claims: (1) disability discrimination, (2) failure to accommodate, (3) retaliation, and (4) disability harassment. Id. The EEOC charges do not encompass any Title VII claims.[1] To the extent Tagirova purports to assert a Title VII claim

---

[1] Tagirova's October 22, 2015 EEOC charge purports to assert a claim for retaliation under Title VII. See [D.E. 1-2] 2. She based that claim on allegedly being retaliated against for filing her November 6, 2014 EEOC charge. See id. That charge alleged disability discrimination in violation of the ADA. See id.; [D.E. 1-1] 2–3. Title VII's retaliation provision, however, only prohibits retaliation against a person because the person "opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge . . . under this subchapter." 42 U.S.C. § 2000e-3(a) (emphasis added). Filing an EEOC charge for, or otherwise complaining of, discrimination based on a disability is not something covered by Title VII's retaliation provision because Title VII does not prohibit disability discrimination. See id. § 2000e-2. The ADA contains its own retaliation provision. See 42 U.S.C. § 12203(a). Thus, despite invoking Title VII, Tagirova's October 22, 2015 EEOC charge does not encompass a Title VII retaliation claim. See Reynolds v. Am. Nat'l Red Cross, 701 F.3d 143, 154 (4th Cir. 2012).

3

in this action, the court dismisses any such claim because Tagirova did not properly exhaust her administrative remedies. Thus, this court lacks subject-matter jurisdiction over any Title VII claim.

II.

Tagirova moves to amend her complaint to add as a defendant the University of North Carolina-General Administration and the Board of Governors. See [D.E. 35]. A party may amend her complaint once as a matter of course, provided that the amendment is filed either within 21 days of service or 21 days after service of a responsive pleading or Rule 12(b), (e), or (f) motion. See Fed. R. Civ. P. 15(a)(1). Further amendments are allowed "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). On September 2, 2016, Tagirova filed her complaint. See [D.E. 1]. On April 27, 2017—more than 21 days after ECSU served its Rule 12(b) motion—Tagirova filed her motion to amend. See [D.E. 35]. ECSU does not consent to the amendment; therefore, the court must resolve Tagirova's motion to amend.

Although leave to amend should be freely given under Rule 15(a)(2), it is not appropriate where the amendment "would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986); see Newport News Holdings Corp. v. Virtual City Vision, Inc., 650 F.3d 423, 439 (4th Cir. 2011). If the court would lack subject-matter jurisdiction over a proposed claim in an amended complaint, the attempted amendment is futile. See U.S. ex rel. Ahumada v. NISH, 756 F.3d 268, 274, 279–82 (4th Cir. 2014); Harris v. Army Review Bd. Agency, No. 4:15-CV-122-D, 2016 WL 4578074, at *5 (E.D.N.C. Aug. 31, 2016) (unpublished); see also Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (en banc).

As discussed, a plaintiff who wishes to pursue an ADA claim in federal court must first exhaust her EEOC remedies. See Sydnor, 681 F.3d at 594; Jones, 551 F.3d at 300. Claims that

4

"exceed the scope of the EEOC charge . . . are procedurally barred." , 711 F.3d at 407 (quotation omitted). "[A] plaintiff fails to exhaust [her] administrative remedies where . . . [her] administrative charges reference different time frames, actors, and discriminatory conduct than the central factual allegations in [her] formal suit." Chacko, 429 F.3d at 506.

Tagirova did not name the University of North Carolina-General Administration or the Board of Governors in her EEOC charges. See [D.E. 1-1] 2; [D.E. 1-2] 2; [D.E. 1-3] 2. Thus, Tagirova has not exhausted her EEOC remedies against these entities, and this court lacks subject-matter jurisdiction over any ADA claims against them. Accordingly, Tagirova's proposed amendment is futile, and the court denies leave to amend.

III.

A motion to dismiss under Rule 12(b)(6) tests the complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–80, 684 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 554–63 (2007); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). To withstand a Rule 12(b)(6) motion, a pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (quotation omitted); see Twombly, 550 U.S. at 570; Giarratano, 521 F.3d at 302. In considering the motion, the court must construe the facts and reasonable inferences "in the light most favorable to the [nonmoving party]." Massey v. Ojaniit, 759 F.3d 343, 347, 352–53 (4th Cir. 2014) (quotation omitted); see Clatterbuck v. City of Charlottesville, 708 F.3d 549, 557 (4th Cir. 2013). A court need not accept as true a complaint's legal conclusions, "unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 678–79. Rather, a plaintiff's allegations must "nudge[ ] [her] claims," Twombly, 550 U.S. at 570, beyond the realm of "mere possibility" into "plausib[ility]." Iqbal, 556 U.S. at 678–79.

When evaluating a motion to dismiss, a court considers the pleadings and any materials "attached or incorporated into the complaint." E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 448 (4th Cir. 2011); see Fed. R. Civ. P. 10(c); Thompson v. Greene, 427 F.3d 263, 268 (4th Cir. 2005); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). A court also may take judicial notice of public records without converting the motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201(d); Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

The standard used to evaluate the sufficiency of a pleading is flexible, "and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson, 551 U.S. at 94 (quotation omitted). Erickson, however, does not "undermine [the] requirement that a pleading contain 'more than labels and conclusions.'" Giarratano, 521 F.3d at 304 n.5 (quoting Twombly, 550 U.S. at 555); see Iqbal, 556 U.S. at 677–83; Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Nemet Chevrolet Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255–56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

Although a court must liberally construe a pro se plaintiff's allegations, it "cannot ignore a clear failure to allege facts" that set forth a cognizable claim. Johnson v. BAC Home Loans Servicing, LP, 867 F. Supp. 2d 766, 776 (E.D.N.C. 2011); see Giarratano, 521 F.3d at 304 n.5. "The 'special judicial solicitude' with which a district court should view . . . pro se complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed." Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990). Every party—pro se or otherwise—must comply with the Federal Rules of Civil Procedure. See

Iqbal, 556 U.S. at 678–69; Baldwin Cty. Welcome Ctr. v. Brown, 466 U.S. 147, 152 (1984) (per curiam).

ECSU argues that when evaluating ECSU's motion to dismiss the court should not consider the documents Tagirova attached to her complaint. See [D.E. 13] 9–10. Generally, when evaluating a motion to dismiss for failure to state a claim upon which relief can be granted, a court may not consider documents outside the complaint that are not expressly incorporated therein. See Clatterbuck, 708 F.3d at 557; Braun v. Maynard, 652 F.3d 557, 559 n.1 (4th Cir. 2011). A court may, however, consider documents attached to the complaint if they are integral to the complaint, explicitly relied on, and authentic. See E.I. du Pont de Nemours & Co., 637 F.3d at 448; Am. Chiropractic Ass'n, Inc. v. Trigon Healthcare Inc., 367 F.3d 212, 234 (4th Cir. 2004); Phillips v. LCI Int'l Inc., 190 F.3d 609, 618 (4th Cir. 1999).

Although the Fourth Circuit has not clearly defined integral, cf. Goines v. Valley Cmty. Servs. Bd., 822 F.3d 159, 166 (4th Cir. 2016), district courts in this circuit have held that an integral document must, "by its very existence, and not the mere information it contains, gives rise to the legal rights asserted." Brown v. Target, Inc., No. ELH-14-00950, 2015 WL 2452617, at *9 (D. Md. May 20, 2015) (unpublished) (quotation, citation, and emphasis omitted); see Deegan v. Moore, No. 7:16-cv-00260, 2017 WL 1194718, at *4 (W.D. Va. Mar. 30, 2017) (unpublished); Tinsley v. OneWest Bank, FSB, 4 F. Supp. 3d 805, 819 (S.D. W. Va. 2014); Tisdale v. Enter. Leasing Co.-Se., LLC, No. 3:13CV221-MU, 2013 WL 3227927, at *2 n.2 (W.D.N.C. June 25, 2013) (unpublished); Mozingo v. Orkin, Inc., No. 4:10-CV-71, 2011 WL 845896, at *4 (E.D.N.C. Mar. 8, 2011) (unpublished); Alexander v. City of Greensboro, 762 F. Supp. 2d 764, 822 (M.D.N.C. 2011); Hendrix Ins. Agency, Inc. v. Cont'l Cas. Co., No. 7:10-2141-HMH, 2010 WL 4608769, at *4 (D.S.C. Nov. 3, 2010) (unpublished); Walker v. S.W.I.F.T. SCRL, 517 F. Supp. 2d 801, 806 (E.D.

7

Va. 2007).

Tagirova's EEOC charges are integral to her complaint because they are a necessary precondition of her right to sue, are explicitly referenced in her complaint, and are public records. See Witthohn v. Fed. Ins. Co., 164 F. App'x. 395, 396 (4th Cir. 2006) (per curiam) (unpublished). Additionally, Tagirova attached to her complaint a letter she sent to Michael Johnson of the EEOC in response to ECSU's denial of discrimination. See [D.E. 1-1] 4–13. Although this letter is not part of the EEOC charge, it recounts the factual basis for Tagirova's ADA claims. Indeed, the letter's factual allegations mirror what a competently drafted complaint would contain. In light of the leniency afforded pro se litigants, the court finds this letter to be integral to Tagirova's complaint. In contrast to Tagirova's letter to Johnson, the remaining documents Tagirova attached to her complaint are not integral to her complaint. Thus, the court does not consider them in evaluating ECSU's motion to dismiss.

First, ECSU argues that Tagirova has failed to state a claim with respect to disability discrimination under the ADA, failure to reasonably accommodate under the ADA, and retaliation under the ADA. See [D.E. 1] ¶¶ 6, 9; [D.E. 1-1] 4. The court, however, has reviewed Tagirova's complaint under the governing procedural standard and substantive law and concludes that these claims eke across the line from possible to plausible. See, e.g., Adams v. Anne Arundel Cty. Pub. Schs., 789 F.3d 422, 430–33 (4th Cir. 2015); Jacobs v. N.C. Admin. Office of the Courts, 780 F.3d 562, 571–82 (4th Cir. 2015). Thus, the court denies ECSU's motion to dismiss these claims. Whether these claims will survive a motion for summary judgment is an issue for another day.

Second, ECSU argues that Tagirova has failed to state a hostile work environment claim under the ADA. To state a hostile work environment claim under the ADA, Tagirova must plausibly allege:

(1) [s]he is a qualified individual with a disability; (2) [s]he was subjected to unwelcome harassment; (3) the harassment was based on [her] disability; (4) the harassment was sufficiently severe or pervasive to alter a term, condition, or privilege of employment; and (5) some factual basis exists to impute liability for the harassment to the employer.

Fox v. Gen. Motors Corp., 247 F.3d 169, 177 (4th Cir. 2001); accord EEOC v. Fairbrook Med. Clinic, P.A., 609 F.3d 320, 327 (4th Cir. 2010) (Title VII); Ziskie v. Mineta, 547 F.3d 220, 224 (4th Cir. 2008) (Title VII); Ocheltree v. Scollon Prods., Inc., 335 F.3d 325, 331 (4th Cir. 2003) (en banc) (Title VII). An employee must show that her protected characteristic under the ADA was the "but for" cause of the alleged harassment. See, e.g., Gentry v. East West Partners Club Mgt. Co., 816 F.3d 228, 234–36 (4th Cir. 2016); Gilliam v. S.C. Dep't of Juvenile Justice, 474 F.3d 134, 142 (4th Cir. 2007). "[C]onclusory statements that [an employer] treated [the plaintiff] less favorably than" other employees of "similar rank" who lacked the relevant protected characteristic "cannot support an actionable claim for harassment." Causey v. Balog, 162 F.3d 795, 801–02 (4th Cir. 1998).

To determine whether alleged harassment was sufficiently severe or pervasive to alter the employee's terms and conditions of employment and to create an abusive working environment, the court examines the allegations both subjectively and objectively. See, e.g., Harris v. Forklift Sys., Inc., 510 U.S. 17, 21–22 (1993). First, the employee must subjectively consider the harassment to be sufficiently severe or pervasive as to alter her conditions of employment. See, e.g., Clark Cty. Sch. Dist. v. Breeden, 532 U.S. 268, 270–71 (2001); Faragher v. City of Boca Raton, 524 U.S. 775, 787–88 (1998); Boyer-Liberto v. Fontainebleau Corp., 786 F.3d 264, 277 (4th Cir. 2015) (en banc). Second, a court views the conduct from the perspective of a reasonable person in the employee's position to determine whether it is objectively severe or pervasive. See, e.g., Breeden, 532 U.S. at 271; Faragher, 524 U.S. at 787–88; Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75, 81–82 (1998); Boyer-Liberto, 786 F.3d at 277.

9

The objective component helps courts "to police the baseline for hostile environment claims." Mendoza v. Borden, Inc., 195 F.3d 1238, 1244 (11th Cir. 1999) (en banc) (quotation omitted). The court considers the "frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." Harris, 510 U.S. at 23. The conduct must be extreme to be actionable. See id.; Faragher, 524 U.S. at 787–88; Boyer-Liberto, 786 F.3d at 277–78. The ADA does not create "a general civility code for the American workplace." Oncale, 523 U.S. at 80. The "conduct must . . . amount to a change in the terms and conditions of employment." Faragher, 524 U.S. at 788; see Boyer-Liberto, 786 F.3d at 277–81. "[D]iscriminatory intimidation, ridicule, and insult" based on the protected characteristic must "permeate[ ]" the work environment in a manner "sufficiently severe or pervasive to alter the conditions" of the plaintiff's employment and to "create an abusive working environment." Harris, 510 U.S. at 21 (quotations omitted). Simple teasing, sporadic rude language, offhand comments, jokes related to a protected status, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment. See Burlington N. and Santa Fe Ry. Co. v. White, 548 U.S. 53, 68–69 (2006); Breeden, 532 U.S. at 270–71; Faragher, 524 U.S. at 788. Likewise, mere rude or insensitive treatment cannot sustain a hostile work environment claim. See, e.g., Baqir v. Principi, 434 F.3d 733, 746–47 (4th Cir. 2006); see also Breeden, 532 U.S. at 270–71; Faragher, 524 U.S. at 787–88; Oncale, 523 U.S. at 81–82.

Tagirova's complaint alleges that ECSU created a hostile work environment under the ADA by threats of termination, false complaints about her work, and a student's comment to an ECSU administrator that Tagirova was "straight up crazy, delusional, mentally unstable." [D.E. 1] ¶ 9. Even viewed in the light most favorable to Tagirova, Tagirova's allegations do not state a hostile

10

work environment claim under the ADA. Thus, the court grants ECSU's motion to dismiss Tagirova's ADA hostile work environment claim.

IV.

In sum, the court GRANTS in part and DENIES in part defendant's motion to dismiss [D.E. 12]. The court DISMISSES plaintiff's ADA hostile work environment claim. Plaintiff's ADA disability discrimination claim, her ADA failure to accommodate claim, and her ADA retaliation claim survive. The court DENIES as futile plaintiff's motion for leave to amend her complaint [D.E. 35].

SO ORDERED. This 11 day of September 2017.

JAMES C. DEVER III
Chief United States District Judge